| AOC-105        Summons Type: CI | | Case No. 15·CI·00069 |
| Rev. 11-95 | | Court ___ Circuit ___ |
| Commonwealth of Kentucky | **CIVIL SUMMONS** | County ___ Owen ___ |
| Court of Justice | | |
| CR 4.02; CR Official Form 1 | | |

Kenneth Franks, Executor of the
Estate of Violet Franks, Deceased                                    PLAINTIFF

                                                                     VS.

**Owenton Manor Nursing, LLC**
**d/b/a**
**Owenton Center**                                                   DEFENDANT

        Serve:        CSC-Lawyers Incorporating Service Co.
                      421 W Main Street
                      Frankfort, Kentucky  40601

THE COMMONWEALTH OF KENTUCKY
TO THE ABOVE-NAMED DEFENDANTS:

    You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with this summons.  Unless a written defense is made by you or by an attorney on your behalf and filed in the clerk's office within 20 days following the day this paper is delivered to you. judgment by default may be taken against you for the relief demanded in the attached complaint.

    The name(s) and address(es) of the party or parties demanding such relief against you or his (their) attorney(s) are shown on the document delivered to you with this summons.

Date: _July 31, 2015_                Clerk: _Margaret Forsee_

                                     By: _Lorrie Cook_                        D.C.

### PROOF OF SERVICE

This summons was served by delivering a true copy and the complaint (or other initiating document) to:

_____

This _____ day of _____, 20 ____ .

                                     Served By: _____

NO. 15·CI·00069

OWEN CIRCUIT COURT
DIVISION _____

KENNETH FRANKS, EXECUTOR OF
THE ESTATE OF VIOLET FRANKS, DECEASED

PLAINTIFF

FILED
OWEN DISTRICT/CIRCUIT COURTS
JUL 3 1 2015
MARGARET FORSEE, CLERK
BY: C. COOK    D.C.

OWENTON MANOR NURSING, LLC
d/b/a OWENTON CENTER

DEFENDANT

SERVE:      CSC-Lawyers Incorporating Service Co.
            421 West Main Street
            Frankfort, Kentucky 40601

## COMPLAINT

Comes the Plaintiff, Kenneth Franks, Executor of the Estate of Violet Franks,

Deceased and for her causes of action against Defendant states as follows:

1.      Kenneth Franks brings this action pursuant to the Survival of Actions

Statute (K.R.S. § 411.140) and the Wrongful Death Statute (K.R.S. § 411.130).

2.      Kenneth Franks is the husband of Violet Franks, and a resident of

Owenton, Owen County, Kentucky.

3.      Kenneth Franks is the Executor of the Estate of Violet Franks pursuant to

the Order appointing her Executor, Owen County Probate Court, Case No. 14-P-00062,

and therefore brings this action on behalf of the Estate of Violet Franks.  A copy of the

Order Probating Will and Appointing Kenneth Franks as Executor on September 9, 2014,

is attached hereto marked as **Exhibit A**.

4.      Upon information and belief, Violet Franks was admitted as a resident of

Owenton Center located at 905 Hwy 127 North, Owenton, Kentucky 40359 on August

12, 2013 and remained a resident there until August 27, 2013 when she died as a result of

the injuries she sustained while a resident of Owenton Center.  Ultimately, Violet Franks

died on August 27, 2013. The injuries she sustained while a resident at Owenton Center were a substantial contributing factor in her death.

5.     The Defendant, Owenton Manor Nursing, LLC is a foreign limited liability company organized under the laws of Delaware authorized to do business in the Commonwealth of Kentucky, with its principal office located at One Beacon Street, Suite 1100, Boston, MA 02108. Upon information and belief, at all times material to this action, Defendant Owenton Manor Nursing, LLC operated, managed, controlled, and/or provided services for Owenton Center in Owenton, Owen County, Kentucky. Upon information and belief, Defendant Owenton Center was, at all times material to this action, the "licensee" of the nursing facility. Under the laws and regulations promulgated and enforced by the Cabinet for Health and Family Services, as licensee of the facility, Owenton Center was legally responsible for that facility and for ensuring compliance with all laws and regulations related to the operation of the facility. The causes of action made the basis of this suit arise out of such business conducted by said Defendant, Owenton Center in the ownership, operation, management, control, licensing and/or services provided for the facility during the residency of Violet Franks. The registered agent for service of process of CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

6.     The Defendant controlled the operation, planning, management, budget and quality control of Owenton Center. The authority exercised by Defendant over the nursing facility included, but was not limited to, control of marketing, human resources management, training, staffing, creation, and implementation of all policies and procedures used by nursing facilities in Kentucky, federal and state reimbursement,

quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

7.    Jurisdiction and venue are proper in this Court.

## FACTUAL ALLEGATIONS

8.    Violet Franks was a resident of Owenton Center from August 12, 2013 until August 27, 2013.

9.    Violet Franks was looking to Defendant for treatment of her total needs for custodial, nursing and medical care and not merely as a site where others not associated with the facility would treat her.

10.    At all relevant times mentioned herein, the Defendant owned, operated, managed and/or controlled Owenton Center, either directly, through a joint enterprise, partnership and/or through the agency of each other and/or other diverse subalterns, subsidiaries, governing bodies, agents, servants or employees.

11.    Defendant is directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, partner, consultant or independent contractor, whether in-house or outside individuals, entities or agencies.

12.    Defendant failed to discharge their obligations of care to Violet Franks with a conscious disregard for her rights and safety.    At all times mentioned herein, Defendant, through their corporate officers and administrators, had knowledge of, ratified and/or otherwise authorized all of the acts and omissions that caused the injuries suffered by Violet Franks, as more fully set forth below.    Defendant knew that this facility could

not provide the minimum standard of care to the weak and vulnerable residents of Owenton Center.

13.     Due to the wrongful conduct of Defendant, Violet Franks suffered accelerated deterioration of her health and physical condition beyond that caused by the normal aging process, as well as the following injuries:

a)      Pneumonia;

b)      Acute kidney injury;

c)      Acute exacerbation of COPD;

d)      Failure to timely monitor her medical condition and/or disease;

e)      Urinary tract infection;

f)      Sepsis;

g)      An avoidable fall occurring on May 24, 2013 which resulted in tibia and fibula fracture; and

h)      Death.

## NEGLIGENCE

14.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 - 13 as if fully set forth herein.

15.     Defendant owed a non-delegable duty to Violet Franks to provide the custodial care, services and supervision that a reasonably careful nursing home would provide under similar circumstances.

16.     Upon information and belief, Defendant knowingly developed and maintained staffing levels at the facility in disregard of patient acuity levels as well as the minimal time to perform the essential functions of providing care to Violet Franks.

17.     Defendant negligently failed to deliver care, services and supervision, including, but not limited to, the following acts and omissions:

a)   Failure by the members of the governing body of the facility to discharge their legal and lawful obligation by:

1)   ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Violet Franks, as promulgated by the Cabinet for Health and Family Services, Division of Long Term Care;

2)   ensuring compliance with the resident care policies for the facility; and

3)   ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care.

b)   Failure to provide a facility that was sufficiently staffed with personnel that was properly qualified and trained;

c)   Failure to provide the minimum number of qualified personnel to meet the total needs of Violet Franks;

d)   Failure to maintain all records on Violet Franks in accordance with accepted professional standards and practices:

e)   Failure to ensure that Violet Franks received adequate and proper nutrition, fluids, supervision, therapeutic, and skin care;

f)   Failure to increase the number of personnel at the facility to ensure that Violet Franks received timely and appropriate custodial care, including, but not limited to, bathing, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

g)   Failure to have in place adequate guidelines, policies and procedures of the facility and to administer those policies through enforcement of any rules, regulations, by-laws or guidelines;

h)   Failure to take all necessary and reasonable custodial measures to prevent the onset and progression of pressure sores during Violet Franks' residency;

i)   Failure to monitor or increase the number of nursing personnel at

the facility to ensure that Violet Franks:

1)    received timely and accurate care assessments;

2)    received prescribed treatment, medication and diet; and

3)    received timely custodial, nursing and medical intervention due to a significant change in condition.

j)    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care at the facility;

k)    Failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of Violet Franks in proportion to her particular physical and mental ailments, known or discoverable by the exercise of reasonable skill and diligence;

l)    Failure to provide adequate hygiene and sanitary care to prevent infection; and

m)    Failure to provide proper custodial care.

18.    A reasonably careful nursing facility would not have failed to provide the care listed above.  It was foreseeable that these breaches of ordinary care would result in serious injuries to Violet Franks.  With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice or was grossly negligent by acting with wanton or reckless disregard for the health and safety of Violet Franks.

19.    Pursuant to KRS 446.070, Plaintiff also alleges Defendant violated statutory and regulatory duties of care, the violations of which are actionable as negligence *per se*.  Violet Franks was injured by the statutory violations of Defendant and was within the class of persons for whose benefit the statutes were enacted and who was intended to be protected by these statutes. The negligence *per se* of Defendant included, but is not limited to, violation(s) of the following:

a)    Violation(s) of KRS 209.005 et seq. and the regulations

promulgated thereunder, by abuse, neglect and/or exploitation of Violet Franks;

b)   Violation(s) of KRS 508.090 *et seq.,* criminal abuse, by committing intentional, wanton or reckless abuse of Violet Franks, who was physically helpless or mentally helpless or permitting Violet Franks, a person of whom Defendants had actual custody, to be abused.  Such abuse caused serious physical injury, placed Violet Franks in a situation that might cause her serious physical injury, and/or caused torture, cruel confinement or cruel punishment of Violet Franks.

c)   Violation(s) of KRS 530.080 et seq., endangering the welfare of an incompetent person, by knowingly acting in a manner which resulted in an injury to the physical and/or mental welfare of Violet Franks, who was unable to care for herself because of her illness;

d)   Violation(s) of KRS 506.080, criminal facilitation of criminal act(s), by acting with knowledge that another person or entity was committing one or more of the foregoing criminal acts or intending to commit one or more of the foregoing criminal acts, and engaged in conduct which knowingly provided another person or entity the means or opportunity for the commission of such criminal act(s) and which in fact aided another person or entity to commit the criminal act(s); and/or

e)   Violation(s) of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of KRS Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

20.   As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Violet Franks suffered the injuries described in Paragraph 13. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against the Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, disfigurement and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that

required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## CORPORATE NEGLIGENCE

21.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 20 as if fully set forth herein.

22.    Violet Franks was looking to Defendant's facility for treatment of her physical ailments and not merely as the situs where others not associated with the facility would treat her for her problems.   There is a presumption that the treatment Violet Franks received was being rendered through employees of Defendant and that any negligence associated with that treatment would render Defendant responsible.   Defendant or persons or entities under their control, or to the extent Defendant was vicariously liable through the ostensible or apparent agency of others, owed a non-delegable duty to residents, including Violet Franks, to use the degree and skill which is expected of reasonably competent medical practitioners acting in the same or similar circumstances.

23.    Defendant owed a non-delegable duty to assist Violet Franks in attaining and maintaining the highest level of physical, mental and psychological well-being.

24.    Defendants owed a duty to Violet Franks to maintain their facility; including providing and maintaining medical equipment and supplies; and hiring, supervising and retaining nurses and other staff employees.

25.    Defendant owed a duty to Violet Franks to have in place procedures and protocols that properly care for residents and to administer these policies through enforcement of any rules, regulations, by-laws or guidelines, which were adopted by Defendant to insure smoothly run facilities and adequate resident care.

26.     Defendant owed a duty to Violet Franks to provide a safe environment, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.  The duty of reasonable care and attention extended to safeguarding Violet Franks from danger due to her inability to care for herself.  Defendant had a duty to protect Violet Franks from any danger which the surroundings would indicate might befall her in view of any peculiar trait exhibited by her or which her mental condition or aberration would suggest as likely to happen.

27.     With regard to each of the foregoing acts of negligence, Defendant acted with oppression, fraud, malice, or were grossly negligent by acting with wanton or reckless disregard for the health and safety of Violet Franks.

28.     As a direct and proximate result of such oppression, fraud, malice, or gross negligence, Violet Franks suffered the injuries described herein.  Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, pain and suffering, mental anguish, disfigurement, hospitalization, unnecessary loss of personal dignity, and loss of life, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, plus costs and all other relief to which Plaintiff is entitled by law.

## VIOLATIONS OF LONG TERM CARE RESIDENT'S RIGHTS

29.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 28 as if fully set forth herein.

30.     Defendant violated statutory duties owed to Violet Franks as a resident of a long term care facility, Kentucky Revised Statutes 216.510 *et seq.* These statutory duties were non-delegable.

31.     The violations of the resident's rights of Violet Franks include:

a)      Violation of the right to be treated with consideration, respect, and full recognition of her dignity and individuality;

b)      Violation of the right to have a responsible party or family member or her guardian notified immediately of any accident, sudden illness, disease, unexplained absence, or anything unusual involving the resident;

c)      Violation of the right to have an adequate and appropriate resident care plan developed, implemented and updated to meet her needs;

d)      Violation of the right to be free from abuse and neglect; and

e)      Violation of the statutory standards and requirements governing licensing and operation of long-term care facilities as set forth by the Cabinet for Health and Family Services, pursuant to provisions of K.R.S. Chapter 216 and the regulations promulgated thereunder, as well as the applicable federal laws and regulations governing the certification of long-term care facilities under Titles XVIII or XIX of the Social Security Act.

32.     As a result of the aforementioned violations of the Resident's Rights Statutes by Defendant, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to recover actual damages in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

33.     With regard to the aforementioned violations of the Resident's Rights Act,

Defendants acted with oppression, fraud, malice, or were grossly negligent by acting with wanton and reckless disregard for the rights of Violet Franks and, pursuant to K.R.S. § 216.515(26), Plaintiff is entitled to punitive damages from Defendant in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as costs and attorney's fees.

## WRONGFUL DEATH

34.     Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 33 as if fully set forth herein.

35.     As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, the Defendant caused the death of Violet Franks by their wrongful conduct.

36.     Violet Franks suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress.  The pain, disfigurement, and loss of dignity suffered by Violet Franks caused her family to suffer more than normal grief upon her death.

37.     As a direct and proximate result of such the wrongful death suffered by violet Franks, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendant including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court and exceeding that required for federal court jurisdiction in diversity of citizenship cases, as well as

costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

## DAMAGES

38.    Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 – 37 as if fully set forth herein.

38.    As a direct and proximate result of the negligence of Defendant as set out above, Violet Franks suffered injuries including, but not limited to, those listed herein. As a result, Violet Franks suffered embarrassment, physical impairment, and death.

39.    Plaintiff seeks punitive and compensatory damages against all Defendant in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Kenneth Franks, Executor of the Estate of Violet Franks, deceased, and on behalf of the wrongful death beneficiaries of Charlotte Griffith, prays for judgment against Defendant in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY.

Respectfully submitted this 29ᵗʰ day of July , 2015.

M. Keith Poynter
**THE SAMPSON LAW FIRM**
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone:    (502) 584-5050

ATTORNEY FOR PLAINTIFF

| AOC - 806          Doc. Code: OWF | | Case No. 14-P-00062 |
| Rev. 12-03         08/20/2014 09:34 am | | |
| Page 1 of 1        Ver. 1.01 | | Court          District Probate |
| Commonwealth of Kentucky | ORDER PROBATING WILL AND | |
| Court of Justice  www.kycourts.net | APPOINTING EXECUTOR/EXECUTRIX | County  Owen |
| KRS Chapters 394 and 395 | | |

RECEIVED AND ENTERED
OWEN DISTRICT/CIRCUIT COURTS

SEP 10 2014

MARGARET FORSEE, CLERK
BY: _____ D.C.

**IN RE: Estate of** Violet S. Franks

Decedent's Date of Death: 08/27/2013                    SSN: _____

The Petition for probate of the Will of the above-named Decedent and for appointment of an Executor/Executrix came on for hearing on September 9 , 2 014. The Will was produced in open court and was ☐ self-proved under KRS 394.225 OR ☑ proved by Charles E. Carter

**IT IS THEREFORE ORDERED** that the Will be, and it is, hereby admitted to probate as the Last Will and Testament of the Decedent. **IT IS FURTHER ORDERED** that Kenneth R. Franks

with an address of 7995 Highway 127 S

| Owenton | Kentucky | 40359 |

be and is, hereby appointed Executor/Executrix of said estate. The Court fixes bond in the sum of $ 5,000.00

**WHEREUPON** said Executor/Executrix took the oath prescribed by law and entered into and acknowledged the above-mentioned bond with ☐ approved Surety **OR** ☑ Surety having been waived.

Date: _____, 2 ____.                    _Mark Bell  Trial Commissioner_ _____ **Judge**

**NOTICE OF ENTRY WAIVED:**

_Charles E. Carter_

**Petitioner's OR Attorney's Signature**

---

### CERTIFICATION

I, _____, Clerk of the _____ District Court, do certify this constitutes a true and correct copy of the Order Admitting Will to Probate and Appointing Executor/Executrix, as recorded in my office.

Date: _____, 2 ____.          _____ **Clerk**

                                          By: _____, **D.C.**

---

**Distribution:**
    Original - Court File *(with certified copy of Will)*
    Copies -  Executor/Executrix
              Revenue Cabinet *(Inheritance Tax Section)*
    Certified Copy - County Clerk *(with original of Will)*; Petitioner is responsible for recording fee.




7014 1820 0001 5485 7500



CIRCUIT COURT CLERK MARGARET FORSEE
OWEN CIRCUIT & DISTRICT COURTS
OWEN COUNTY JUDICIAL CENTER
401 SOUTH MAIN STREET, P.O. BOX 473
OWENTON, KENTUCKY 40359-0473

CSC, Lawyers Incorporating Service Co.
421 W. Main Street
Frankfort, Ky 40601

No. 15-CI-00069                                   OWEN CIRCUIT COURT

KENNETH FRANKS,
EXECUTOR OF THE ESTATE
OF VIOLET FRANKS, DECEASED                           PLAINTIFF

V.



FILED
OWEN DISTRICT/CIRCUIT COURTS
AUG 25 2015
MARGARET FOGLE, CLERK
BY: _____ D.C.

OWENTON MANOR NURSING, LLC
d/b/a OWENTON CENTER                                     DEFENDANT

## ANSWER OF OWENTON MANOR NURSING, LLC d/b/a OWENTON CENTER

Defendant, Owenton Manor Nursing, LLC d/b/a Owenton Center (hereinafter "Owenton Center") for its Answer to Plaintiff's Complaint, states as follows:

1.      Paragraph 1 of the Complaint makes no allegations which call for a response. To the extent that a response is required, Owenton Center is without knowledge or information sufficient to form a belief regarding the authority or standing of Plaintiff to bring this action and the allegations are therefore denied.

2.      Owenton Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and therefore, they are denied.

3.      Owenton Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint, including any attachments, and therefore, they are denied.

4.      With respect to the allegations contained in Paragraph 4 of the Complaint, Owenton Center admits that Violet Franks was a resident of Owenton Center for a certain period of time. Owenton Center further admits that it is located at 905 Highway 127 North, Owenton, Kentucky

40359. Owenton Center admits that Violet Franks died on or about August 27, 2013. Owenton Center denies the remaining allegations contained in Paragraph 4 of the Complaint.

5.     With regard to the allegations contained in Paragraph 5 of the Complaint, Owenton Center admits that it is a foreign limited liability company, organized under the laws of Delaware, active and in good standing in the Commonwealth of Kentucky. Owenton Center further admits that its registered agent for service of process is CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, Kentucky 40601. Owenton Center admits that it is the licensee of the facility known as Owenton Center with the rights and obligations attendant thereto. To the extent Paragraph 5 alleges duties or responsibilities owed by Owenton Center beyond those imposed by applicable law, Owenton Center denies such allegations. Owenton Center denies all other allegations contained in Paragraph 5 of the complaint as alleged as pled.

6.     With regard to the allegations contained in Paragraph 6 of the Complaint, Owenton Center admits that it is the licensee of the facility referred to as Owenton Center with the rights and obligations attendant thereto. Owenton Center denies the remaining allegations contained in Paragraph 6 of the Complaint as alleged as pled.

7.     The allegations contained in Paragraph 7 of the Complaint are legal conclusions that require no response. However, to the extent a response is required, Owenton Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore, they are denied.

8.     With regard to the allegations contained in Paragraph 8 of the Complaint, Owenton Center admits that Violet Franks was a resident of Owenton Center for a certain period of time. Owenton Center is without knowledge or information sufficient to form a belief as to the truth of

2

the remaining allegations contained in Paragraph 8 of the Complaint, and therefore, they are denied.

9.      Owenton Center is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and therefore, they are denied.

10.      With regard to the allegations contained in Paragraph 10 of the Complaint, Owenton Center admits that it is the licensee of the facility referred to as Owenton Center with the rights and obligations attendant thereto.   Owenton Center denies the remaining allegations contained in Paragraph 10 of the Complaint as pled.

11.      The allegations contained in Paragraph 11 of the Complaint are legal conclusions that require no response.  To the extent the allegations contained in Paragraph 11 of the Complaint require a response or allege any wrongdoing on the part of Owenton Center, such allegations are denied.

12.      Owenton Center denies the allegations contained in Paragraph 12 of the Complaint.

13.      Owenton Center denies the allegations contained in Paragraph 13 of the Complaint, including all of its subparts.

14.      In response to the allegations set forth in Paragraph 14 of the Complaint, Owenton Center restates, re-alleges and incorporates by reference, each and every response and defense to Plaintiff's allegations set forth in Paragraphs 1-13 of the Complaint.

15.      The allegations contained in Paragraph 15 of the Complaint are legal conclusions that require no response.  To the extent that a response is required, Owenton Center admits that, as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law.  To the extent Paragraph 15 of the Complaint alleges duties or responsibilities

owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

16. Owenton Center denies the allegations contained in Paragraph 16 of the Complaint.

17. Owenton Center denies the allegations contained in Paragraph 17 of the Complaint, including all of its subparts.

18. Owenton Center denies the allegations contained in Paragraph 18 of the Complaint.

19. Owenton Center denies the allegations contained in Paragraph 19 of the Complaint, including all of its subparts.

20. Owenton Center denies the allegations contained in Paragraph 20 of the Complaint.

21. In response to the allegations set forth in Paragraph 21 of the Complaint, Owenton Center restates, re-alleges and incorporates by reference, each and every response and defense to Plaintiff's allegations set forth in Paragraphs 1-20 of the Complaint.

22. In response to the allegations contained in Paragraph 22 of the Complaint, Owenton Center states that it is without knowledge or information sufficient to allow it to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 22 of the Complaint, and therefore, they are denied. The remaining allegations contained in Paragraph 22 of the Complaint are legal conclusions that require no response. To the extent that a response is required, Owenton Center admits that, as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law. To the extent Paragraph 22 of the Complaint alleges duties or responsibilities owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

23. The allegations contained in Paragraph 23 of the Complaint are legal conclusions that require no response. To the extent that a response is required, Owenton Center admits that,

4

as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law.  To the extent Paragraph 23 of the Complaint alleges duties or responsibilities owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

24.    The allegations contained in Paragraph 24 of the Complaint are legal conclusions that require no response.  To the extent that a response is required, Owenton Center admits that, as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law.  To the extent Paragraph 24 of the Complaint alleges duties or responsibilities owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

25.    The allegations contained in Paragraph 25 of the Complaint are legal conclusions that require no response.  To the extent that a response is required, Owenton Center admits that, as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law.  To the extent Paragraph 25 of the Complaint alleges duties or responsibilities owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

26.    The allegations contained in Paragraph 26 of the Complaint are legal conclusions that require no response.  To the extent that a response is required, Owenton Center admits that, as licensee of the facility referred to as Owenton Center, it has certain duties which are set forth in applicable law.  To the extent Paragraph 26 of the Complaint alleges duties or responsibilities owed to Violet Franks beyond those imposed by applicable law, or that such duties or responsibilities were breached, Owenton Center denies such allegations.

27.    Owenton Center denies the allegations contained in Paragraph 27 of the Complaint.

5

28.     Owenton Center denies the allegations contained in Paragraph 28 of the Complaint, and further asserts that Plaintiff is not entitled to judgment against Owenton Center or any damages or other relief in regard to Owenton Center in this matter.

29.     In response to the allegations set forth in Paragraph 29 of the Complaint, Owenton Center restates, re-alleges and incorporates by reference, each and every response and defense to Plaintiff's allegations set forth in Paragraphs 1-28 of the Complaint.

30.     Owenton Center denies the allegations contained in Paragraph 30 of the Complaint.

31.     Owenton Center denies the allegations contained in Paragraph 31 of the Complaint, including all of its subparts.

32.     Owenton Center denies the allegations contained in Paragraph 32 of the Complaint, and further asserts that Plaintiff is not entitled to judgment against Owenton Center or any damages or other relief in regard to Owenton Center in this matter.

33.     Owenton Center denies the allegations contained in Paragraph 33 of the Complaint, and further asserts that Plaintiff is not entitled to judgment against Owenton Center or any damages or other relief in regard to Owenton Center in this matter.

34.     In response to the allegations set forth in Paragraph 34 of the Complaint, Owenton Center restates, re-alleges and incorporates by reference, each and every response and defense to Plaintiff's allegations set forth in Paragraphs 1-33 of the Complaint.

35.     Owenton Center denies the allegations contained in Paragraph 35 of the Complaint.

36.     Owenton Center denies the allegations contained in Paragraph 36 of the Complaint.

37.     Owenton Center denies the allegations contained in Paragraph 37 of the Complaint and denies that Plaintiff is entitled to recover damages of any nature.

38. In response to the allegations set forth in the first Paragraph numbered 38 of the Complaint, Owenton Center restates, re-alleges and incorporates by reference, each and every response and defense to Plaintiff's allegations set forth in Paragraphs 1-37 of the Complaint.

39. Owenton Center denies the allegations contained in the second Paragraph numbered 38 of the Complaint.

40. To the extent the allegations contained in Paragraph 39 of the Complaint require a response or allege any wrongdoing on the part of Owenton Center, Owenton Center denies such allegations and denies that Plaintiff is entitled to recover damages of any nature.

41. Owenton Center denies each and every allegation in the Complaint that has not been expressly admitted above.

### FIRST DEFENSE

42. Plaintiff's Complaint fails, in whole or in part, to state a claim against Owenton Center for which relief can be granted.

### SECOND DEFENSE

43. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any, were caused by the acts, omissions and/or active primary negligence and/or intentional conduct and/or the intervening and superseding negligence and/or intentional conduct or persons or entities other than Owenton Center and such negligence or intentional acts by such person or entities preclude any liability of Owenton Center.

### THIRD DEFENSE

44. Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any occurred, were caused in whole or in part by the primary, active, superseding, intervening negligence and/or intentional acts of Plaintiff, Plaintiff's decedent, and/or persons or entities other than Owenton Center for which Owenton Center has no liability or responsibility

7

and which were the proximate cause and/or a substantial factor in causing said injuries and damages, if any, and the Plaintiff's claims against Owenton Center are, therefore, barred or should be reduced in proportion to the fault attributable to persons other than Owenton Center.

## FOURTH DEFENSE

45.     Plaintiff's claim for punitive damages is barred by the provisions of KRS § 411.184 and the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution. The substantive proof of, and the procedures set out in Kentucky's punitive damages system, violate the Due Process Clause of the 14th Amendment of the United States Constitution and provisions of the Kentucky Constitution.

## FIFTH DEFENSE

46.     Pending discovery, the Complaint is barred, in whole or in part, by applicable statutes of limitation including but not limited to KRS § 413.140 or the equitable doctrine of laches.

## SIXTH DEFENSE

47.     Subject to what discovery may reveal, the injuries and damages alleged in the Complaint, if any are found, were caused in whole or in part by Plaintiff and/or Plaintiff's decedent's contributory and/or comparative negligence by reason of their failure to use the degree of care that would have been used by an ordinary, reasonable and prudent person under the same or similar circumstances. Any damages to which the Plaintiff may be found to be entitled are barred and should be reduced in proportion to the amount of fault attributable to the Plaintiff and/or Plaintiff's decedent. The negligence of the Plaintiff and/or Plaintiff's decedent proximately caused, contributed to, and was a substantial factor in causing the injuries and damages, if any, alleged in the Complaint.

## SEVENTH DEFENSE

48.     Owenton Center's conduct was not the proximate cause or a substantial factor in causing any of the injuries or damage, if any occurred, alleged by the Plaintiff.

## EIGHTH DEFENSE

49.     Plaintiff has failed to plead special damages, if any, with specificity as required by Rule 9.06 of the Kentucky Rules of Civil Procedure and Rule 9(g) of the Federal Rules of Civil Procedure. Any claims for special damages are therefore barred.

## NINTH DEFENSE

50.     Owenton Center reserves all defenses related to insufficiency of process or service of process.

## TENTH DEFENSE

51.     To the extent that there exists any person or entity who has paid any amounts to or for the benefit of Plaintiff or Plaintiff's decedent on account of events or injuries or damages alleged in the Complaint and who have not been properly notified of their subrogation rights, Plaintiff has failed to comply with KRS § 411.188 and the Complaint is barred. Alternatively, Plaintiff is precluded from recovery of amounts which are the subject of subrogation rights. Moreover, to the extent such person or entity exists, Plaintiff is not the real party in interest to the extent of any such payment.

## ELEVENTH DEFENSE

52.     Subject to what the proof reveals, Plaintiff and/or Plaintiff's decedent failed to mitigate or reduce the alleged injuries or damages, if any.

## TWELFTH DEFENSE

53. Subject to what discovery may reveal, the claims in this lawsuit are subject to a binding Arbitration Agreement, requiring dismissal of this action.

## THIRTEENTH DEFENSE

54. Plaintiff's Complaint fails to state a claim against Owenton Center for which relief can be granted pursuant to KRS § 216.510 *et seq.*, and Owenton Center asserts its right to recover its attorney's fees as provided by KRS § 216.510.

## FOURTEENTH DEFENSE

55. To the extent Plaintiff's allegations arise out of any actions or inactions by an independent contractor, the independent contractor is solely responsible for his/her/its own acts and such acts do not impose liability on Owenton Center.

## FIFTEENTH DEFENSE

56. Subject to what discovery may reveal, Plaintiff lacks standing and authority to bring this lawsuit.

## SIXTEENTH DEFENSE

57. Any claim by Plaintiff or award for prejudgment interest is barred by the prohibition against excessive fines contained in the 8th Amendment to the United States Constitution, by the Due Process Clause of the 14th Amendment to the United States Constitution, as well as §§ 2 and 14 of the Kentucky Constitution.

## SEVENTEENTH DEFENSE

58. Subject to what discovery may reveal, Plaintiff may lack legal capacity to file this lawsuit.

## EIGHTEENTH DEFENSE

59. Owenton Center reserves the right to supplement this answer and plead any and all additional defenses and affirmative defenses that arise during the course of the litigation.

**WHEREFORE,** Owenton Center respectfully demands that:

1. The claims against Owenton Center be dismissed with prejudice and the Plaintiff take nothing thereby;

2. Owenton Center be awarded its costs and expenses incurred in defending this action, including attorney's fees where permitted by law; and

3. Any and all other relief in law or equity to which Owenton Center may be entitled.

Respectfully submitted,

**GWIN STEINMETZ & BAIRD, PLLC**

Michael F. Sutton
David L. Haney
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701
*Counsel for Defendant*
msutton@gsblegal.com
dhaney@gsblegal.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on this the 21st day of August, 2015, I served a copy of the forgoing by United States Mail, postage prepaid, on the following:

M. Keith Poynter
THE SAMPSON LAW FIRM
450 South Third Street, 4th Floor
Louisville, Kentucky 40202
Telephone: (502) 584-5050
*Attorney for Plaintiff*

Michael F. Sutton
David L. Haney
Gwin Steinmetz & Baird, PLLC
401 West Main Street, Suite 1000
One Riverfront Plaza
Louisville, Kentucky 40202
Telephone: (502) 618-5700
Facsimile: (502) 618-5701
*Counsel for Defendant*

12